UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADIN ORGANICS USA LLC,<br>    Plaintiff,<br>    v.<br>THE OCEAN BAZAR LLC, et al.,<br>    Defendants. | Case No. 24-cv-06087-NC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE ESTABLISHING DIVERSITY JURISDICTION**<br><br>Re: ECF 1 |

Plaintiff Tradin Organics USA LLC filed a complaint against Defendants The Ocean Bazar LLC and SAF USA Co. on August 28, 2024. ECF 1. The complaint alleges common law claims arising out of alleged contracts between Plaintiff and each Defendant.

Because federal courts are courts of limited jurisdiction, a plaintiff must adequately allege that a court has subject matter jurisdiction to hear their case. To do so, a complaint must meet the requirements for either (1) federal question jurisdiction or (2) diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899; 28 U.S.C. § 1332(c)(1). In contrast, "an LLC is a citizen of every state of which its owners/members

are citizens." *Id.*

Here, the complaint alleges subject matter jurisdiction based on diversity, and alleges the state of incorporation and principal place of business for each party. ECF 1 ¶¶ 1, 3, 5, 8. However, Tradin and Ocean Bazar are both LLCs, whose citizenship depends on that of each of its members. Because the complaint does not include information on the citizenship of each LLC's members, Plaintiff is ordered to show cause in writing by September 26, 2024, providing sufficient information to establish diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: August 29, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge